The Defendants, Southwest Starving Artists Group, Inc., James Edward McNabb, Individually, James Edward McNabb d/b/a Southwest Starving Artist Group, and James Edward McNabb d/b/a McNabb Advertising Agency, have appealed from a Decree of the Chancery Court of the First Judicial District of Hinds County, affirming the issuance of a Modified Writ of Injunction by the County Court of the First Judicial District of Hinds County permanently enjoining the defendants and ordering the payment of $1500 civil penalties for deceitful and unfair advertising in violation of Mississippi law.
Defendants complain of these provisions of the writ of injunction:
 "We, therefore, in consideration of the premises and of the allegations in said bill contained, strictly enjoin you, Southwest Starving Artists Group, Inc., James Edward McNabb, Individually, James Edward McNabb d/b/a Southwest Starving Artist Group, and James Edward McNabb d/b/a McNabb Advertising Agency, under the penalty of CONTEMPT OF COUNTY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI, that you absolutely refrain from:
 a. Advertising or conducting the sale of any painting under the name of `Southwest Starving Artist Art Sale,' `Southwest Starving Artists Group,' `Southwest Starving Artists Group, Inc.,' `Starving Artist Group,' `Starving Artist Art Sale,' `Starving Artist,' or any other similar business name;
 b. Directly or indirectly misrepresenting the Defendants' affiliation, connection or association with another or otherwise misrepresenting the geographical origins of the paintings being offered for sale by the Defendants through the use of the business name `Southwest Starving *Page 1130 
Artists Group,' `Southwest Starving Artists Group, Inc.' `Starving Artist Group,' `Starving Artist,' or any other similar business names;
 c. Advertising or disseminating any information regarding goods offered for sale by the Defendants or by any business owned or operated by Defendants which is deceptive, to include:
 1. Misrepresenting the source and sponsorship of goods;
 2. Misrepresenting the Defendants' affiliation, connection or association with another;
 3. Misrepresenting the geographical origin of the paintings being offered for sale by the Defendants;
 4. Representing that the goods have a sponsorship, characteristic or benefits that they do not have or that the Defendants have a sponsorship, status, affiliation and connection that it or he does not have.
 And from any further proceedings against the said Complainants touching any of the matters in said bill contained, until our said Court shall make another order to the contrary."
The proof showed that various radio and television advertisements were made on radio and television stations in Jackson, Mississippi, prior to art sales on or about Sunday, December 19, 1976, Sunday, January 9, 1977, and Sunday, February 6, 1977. The advertisements and posted notices complained of generally followed this format:
SOUTHWEST STARVING ARTIST
ART SALE THIS SUNDAY ONLY NOTHING OVER $35 (Including Beautiful Sofa Size Paintings) MOST UNDER $20 FINE ART FROM ALL OVER THE WORLD IDEAL FOR GIFTS SUNDAY — 12:00 — 5:00 PM FREE ADMISSION MISSISSIPPI STATE FAIRGROUNDS AGRICULTURE BUILDING SPONSORED BY THE SOUTHWEST STARVING ARTIST GROUP, INC. DEPOSIT GUARANTY BANK BLDG., NO. 1225, JACKSON, MISS. 39201
Mississippi Code Annotated section 75-24-5 (1978 Supp.), provides:
 "The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby prohibited:
 . . . . .
 (b) Misrepresentation of the source, sponsorship, approval, or certification of goods or services;
 (c) Misrepresentation of affiliation, connection, or association with, or certification by another;
 (d) Misrepresentation of designations of geographic origin in connection with goods or services;
 (e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;"
Among other things, James E. McNabb, president of Southwest Starving Artists Group, Inc., who owned and operated this and his other businesses as sole proprietorships, testified that 90% of the paintings came from Hong Kong and 8% to 9% from other countries outside of the United States (Italy, France, Spain and other Pacific Countries). McNabb stated that he had no contract with local artists but purchased from major art agents who would not disclose the names of the local artists for fear that McNabb would deal directly with them and bypass the agents. McNabb further testified that only 1 to 2% of the paintings came from American artists.
Witnesses testified that the advertisements did persuade them to attend the "Art Sales" and if they had known the true facts they probably would not have attended the sales.
The Chancery Court found that the County Court was well within its discretion in finding that the advertising through posted notices and on radio and television was deceptive and violated Mississippi law. The Chancellor further found: *Page 1131 
 "It was entirely possible for a reasonable person to believe after seeing and hearing the advertising complained of to believe that this sale was being put on by a group of artists who were desperate or hurting and wanted to part with their paintings at an extremely reasonable or below reasonable price; that they were either local as in Southwest Jackson or regional as in Southwest United States or the Texas area, when in truth the Defendant is owned by one person and ninety percent of the art he sells is from Hong Kong. It is also true that the paintings carried names which indicated a different origin than from what was otherwise portrayed by the publicity."
In our opinion, the Chancellor was justified in making these findings from the evidence adduced in the County Court. The proof adduced clearly showed a violation of Mississippi Code Annotated section 75-24-5, (b), (c), (d), and (e), (1978 Supp.).
The decree of the Chancery Court is, therefore, affirmed as to the issuance of a writ of injunction and the imposition of a $1500 civil penalty against the defendants.
However, we do feel that subparagraph "c" of the Modified Writ of Injunction is overly broad. Subparagraph "c" is amended to read:
 "c. Advertising or disseminating any information regarding goods offered for sale by the Defendants or by any business owned or operated by Defendants which:
 1. Misrepresents the source and sponsorship of goods;
 2. Misrepresents the Defendants' affiliation, connection or association with another;
 3. Misrepresents the geographical origin of the paintings being offered for sale by the Defendants;
 4. Represents that the goods have a sponsorship characteristic or benefits that they do not have or that the Defendants have a sponsorship, status, affiliation and connection that it or he does not have."
The following language is deleted from the Modified Writ of Injunction:
 "And from any further proceedings against the said Complainants touching any of the matters in said bill contained, until our said Court shall make another order to the contrary."
As thus modified, the decree of the Chancery Court is affirmed.
AFFIRMED AS MODIFIED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.